S11Y1797. IN THE MATTER OF KENNETH ANDREW GLENN.
(727 SE2d 495)

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Kenneth Andrew Glenn (State Bar No. 001170), in which he seeks imposition of a Review Panel reprimand. The petition was filed prior to the issuance of a formal complaint, pursuant to Bar Rule 4-227 (b) (2).

Glenn, who was admitted to the Bar in 1988, makes the following admissions: in May 2007 he was retained by a client to bring a partition action involving real property in Greene County. The client paid Glenn a $3,600 retainer and anticipated expenses of $1,100. Glenn filed the partition action in January 2008 and served the Notice of Summons. He appeared in court on November 10, 2008, at which time there were no objections. The trial court directed Glenn to prepare an order that would provide for the remaining actions needed to complete the partition process, but Glenn failed to do so. Also, he failed to communicate with the client to advise him of the status of the matter. Although Glenn did mail the client the documents filed in the case, they were returned addressee unknown because someone had applied a handwritten label, which omitted the apartment number, over the typed label. Glenn did not resend the documents until months later. After the client filed a Bar complaint, Glenn informed him he would complete the case by the end of August 2010. Glenn did not meet that deadline, but told the client he would complete the work by the end of the year. Glenn determined that he would need to republish the Notice of Summons to determine if there were any objections. As of the date of the filing of Glenn's petition for voluntary discipline, August 1, 2011, no objections had been filed. A hearing date was set for September 12, 2011, at which time the order would be signed to complete the partition. Glenn states that he accepts responsibility for his failure to timely complete the matter and deeply

regrets the frustration and anxiety he has caused his client. By this conduct, Glenn admits that he has violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment and for Rule 1.4 is a public reprimand.

Glenn presented several factors in mitigation, including a promise that he would refund $1,500 of the retainer to the client by September 12, 2011. However, Glenn did not make the payment as promised, and, as of April 3, 2012, Glenn still had not made the promised restitution to the client. To this day, Glenn has not presented any evidence that he has made any effort, let alone made any payment, to reimburse his client. Accordingly, this Court hereby rejects the petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED MAY 7, 2012.

*Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.